## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ARTHUR GILES,**

        **Plaintiff,**

**v.**                            **Case No: 6:23-cv-1192-WWB-EJK**

**RELEVANT MEDIA GROUP,
INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Default Judgment ("the Motion"), filed October 3, 2023. (Doc. 15.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

### I.    BACKGROUND

#### A. Factual Allegations

While a "default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover," a defaulted defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] Accordingly, the Complaint (Doc. 1) alleges the following facts, which are assumed to be true.

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In 2019, Ross Cobb executed a copyright assignment agreement that transferred his rights, title, and interest in a library of 137 professional photographs to Arthur Giles ("Plaintiff"). (Doc. 1 ¶ 9.) Ross Cobb is a successful professional aerial real estate photographer whose clients have included BP America and the Orlando Utilities Commission. (*Id.* ¶ 7.) Cobb's aerial photography has been featured in the Fort Lauderdale Museum of Science as well as in television productions such as Miami Vice and CSI: Maimi. (*Id.* ¶ 8.) In 2009, Cobb created an aerial photograph depicting the Château Artisan in Miami, Florida, titled "4.19.2009.Any idea what this is - 3457639082-m-1" (the "Photograph"). (*Id.* ¶ 11.) A copy of the Photograph is exhibited below:



(*Id.*) On April 1, 2020, Plaintiff registered the Photograph with the Register of Copyrights. (*Id.* ¶ 12; *see also* Doc. 1-1 at 3.) On July 10, 2012, Relevant Media Group ("Defendant") published the Photograph on its website for commercial use in

connection with Defendant's business without seeking or obtaining Plaintiff's permission. (Docs. 1 ¶¶ 16, 18–19; 1-2 at 2.) Defendant is a digital Christian lifestyle magazine. (Doc. 1 ¶¶ 14–15.) Plaintiff discovered Defendant's use of the Photograph in October 2022. (Doc. 1 ¶ 21.) Following this discovery, Plaintiff notified Defendant in writing of the unauthorized use and unsuccessfully attempted to negotiate a reasonable license for the past and existing infringement. (*Id.*)

### B. Procedural History

Plaintiff timely initiated this action on July 27, 2023, by filing the Complaint, which alleges one-count of copyright infringement. (Doc. 1.) Subsequently, Plaintiff served Defendant with the Summons and Complaint by serving Defendant's owner and registered agent, Cameron Strang. (Docs. 11 at 3, 13 at 3.) After Defendant failed to appear or otherwise respond to the Complaint, the Clerk entered default on August 25, 2023. (Doc. 14.) Plaintiff moved for default judgment seeking actual damages and a permanent injunction preventing Defendant or any of its affiliates from committing any further infringement. (*See* Doc. 15 at 14.) To date, Defendant still has not appeared in this case or responded to the Motion. The Motion is now ripe for review.

## II.   STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant a default judgment. *See Tyco Fire & Sec., LLC*, 218 F. App'x at 863. Rather, a defaulted defendant is deemed to have admitted only the plaintiff's well-pleaded allegations of fact. *Id.* "Thus, before entering

a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original). "Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). Pursuant to Federal Rule of Civil Procedure 54(c), "'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. (*Id.*) (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Generally, the law requires

the district court to hold an evidentiary hearing to fix the amount of damages, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation. *See Adolph Coors*, 777 F.2d at 1543-44. However, where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III.   DISCUSSION

#### A. Personal Jurisdiction

The Court has personal jurisdiction over Defendant because it is a Florida corporation that operates and conducts business in Orange County, Florida. (Doc. 1 ¶ 2.)

#### B. Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1131 and 1338(a), since the claim arises under the Copyright Act, 17 U.S.C. §§ 501–505. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Here, federal question jurisdiction is apparent on the face of the Complaint. (*See* Doc. 1).

#### C. Service of Process

On July 21, 2023, Defendant was properly served by serving its registered agent, Cameron Strang, pursuant to Florida Statute § 48.081(2). (Docs. 11 at 3, 13 at 3); Fla.

Stat. § 48.081(2). Defendant did not timely respond to the Complaint, and Plaintiff moved for and was granted a Clerk's Default against Defendant, which was entered on August 25, 2023. (Docs. 12, 13, 14.)

### D. Copyright Infringement

An "author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression." *See Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 823 n.1 (11th Cir. 1982) (citing 17 U.S.C. § 102(a)). To establish a prima facie case for copyright infringement, a plaintiff must show: 1) that they own a valid copyright; and 2) that the defendant copied constituent elements of the copyrighted work that are original. *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (citation omitted).

For the first prong, a "certificate of copyright registration made before or within five years after first publication of the work constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). It is "within the discretion of the court" to determine the amount of evidentiary weight to accord a certificate of registration made more than five years after first publication of the work. *Id*.

For the second prong, the plaintiff must establish that the "alleged infringer actually copied plaintiff's copyrighted material." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). In addition to factual proof of copying, the plaintiff must also prove "the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Id*. (citation omitted).

As to the first prong, Plaintiff alleges that Ross Cobb created the Photograph in 2009. (Doc. 1 ¶ 11.) According to the registration certificate attached to the Complaint, April 2009 was the time of first publication. (Doc. 1-1 at 3.) In November 2019, Cobb executed a copyright assignment that transferred his interest in the Photograph to Plaintiff. (Doc. 1 ¶ 9.) Plaintiff registered the Photograph with the Register of Copyrights, effective April 1, 2020. (Doc. 1-1 at 2.) Therefore, under the statute, it is within the Court's discretion to consider Plaintiff's certificate of registration as evidence that Plaintiff owns a valid copyright to the Photograph, since Plaintiff did not file the copyright registration within the five-year time period. The undersigned finds no reason not to consider the certificate of registration (*Id.* at 3). Accordingly, based on the well-pleaded allegations contained in the Complaint, and the exhibits attached to the Complaint, including the certificate of registration, the undersigned finds that Plaintiff has established that he owned a valid copyright.

As to the second prong, Plaintiff alleges that Defendant copied the Photograph and used the Photograph on the internet to market Defendant's business. (Doc. 1 ¶¶ 16–20.) In support of this contention, Plaintiff attached screenshots from Defendant's website showing its unauthorized use of the Photograph. (Doc. 1-2 at 2–4.) This evidence, which must be accepted as true, establishes that the Defendant copied the Photograph and used the Photograph on the internet to promote its business without Plaintiff's permission. (Doc. 1 ¶¶ 27–28.) Accordingly, based on the well-pleaded allegations contained in the Complaint, and its attached exhibits, the undersigned finds that Plaintiff has established that Defendant copied Plaintiff's copyrighted

Photograph.

In light of the foregoing, the undersigned finds that the Plaintiff has established that Defendant infringed Plaintiff's copyright, in violation of 17 U.S.C. § 501.

### E. Actual Damages

A copyright owner may choose between two types of damages: actual damages and profits, or statutory damages. *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997). Here, Plaintiff seeks $18,000 in actual damages. (Doc. 15 at 11–12.) For the reasons discussed below, the undersigned finds that Plaintiff has established entitlement to actual damages, but not in the amount requested.

The Copyright Act includes a specific provision governing actual damages, entitling a successful copyright owner to claim: (1) "actual damages suffered by him or her as a result of the infringement" and (2) "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement." *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1295 n. 19 (11th Cir. 1999)). Actual damages include lost sales, lost opportunities to license, or diminution in the value of the copyright. *Id*. However, a claim for lost profits may include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant. *See e.g.*, *Montgomery*, 168 F.3d at 1295–96 (affirming jury award of actual damages based on a retroactive license fee). In order to demonstrate entitlement to a reasonable license fee, Plaintiff "must show that the

thing taken had a fair market value." *Thornton*, 580 F. Supp. 2d at 1277 (citation omitted). Courts have found adequate evidence supporting a finding of fair market value when: (1) the plaintiff demonstrates that he previously received compensation for use of the infringed work; or (2) the plaintiff produces evidence of benchmark licenses, that is, what licensors have paid for use of similar work. *Id*. (citation omitted).

Plaintiff bases his request for actual damages on the amount he would have received had Defendant purchased a license to use the Photograph. (Doc. 15 at 11.) In his declaration submitted with the Complaint, Plaintiff declares that he would have charged Defendant $3,000 per year for use of the Photograph or a similar work. (Giles Decl. Doc. 15-1 ¶ 14.) Plaintiff provides "benchmark" evidence that in February 2020, he licensed a similar aerial real estate photograph for $7,500. (*Id*. ¶ 13.) Plaintiff further declares that Defendant has impermissibly used the Photograph from at least June 2017 to February 2023, and the licensing fee he would have charged Defendant would not have been pro-rated for use of the Photograph that was less than one year.[2] (*Id*.; *see also* Doc. 15 at 11–12.)

A copyright owner can recover damages for pre-registration infringement after the copyright owner's registration application has been processed by the Register of Copyrights. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019). However, the mere assignment of a copyrighted work does not in itself transfer

---

[2]Although Plaintiff asserts in his Complaint that Defendant has impermissibly used the Photograph on its website since July 10, 2012 (Doc. 1 ¶ 16), Plaintiff seeks default damages stemming from infringement beginning only in June 2017. (Doc. 15 at 11.)

to an assignee any cause of action for infringement that occurred prior to the assignment, as the assignment agreement must contain explicit language transferring the right in causes of action for prior infringements. *Vellejo v. Narcos Prods. LLC*, 418 F. Supp. 3d 1084, 1089 (S.D. Fla. 2019) (finding plaintiff lacked standing to bring suit for past infringement based on an assignment of "any and all causes of action arising from any such infringement"); *see also DeSilva Const. Corp. v. Herald*, 213 F. Supp. 184, 192 (M.D. Fla. 1962) (holding that assignment of copyright under the 1909 Copyright Act does not include the right to sue for "infringements antedating the assignment" and since the assignment as written failed to contain such a grant, "no such right is conferred by the assignment").

Since Plaintiff did not attach the copyright assignment to the Complaint or the Motion, the undersigned cannot determine whether Plaintiff is entitled to recover for infringement that occurred before the assignment of rights to the Photograph. Thus, the undersigned will consider only Plaintiff's request for damages beginning after the effective date of the assignment in November 2019. With that restriction, the undersigned finds that Plaintiff as sufficiently alleged that he lost $12,000 in profits, consistence of $3,000 per year in retroactive licensing fees for Defendant's impermissible use of the Photograph from 2019–2023. (Doc. 15 at 11–12; Giles Decl. Doc. 15-1 ¶ 14.)

**F. Injunctive Relief**

Plaintiff seeks to permanently enjoin the Defendant, "its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with Defendant" from: 1) "directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity;" and 2) "directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff" (Doc. 15 at 13–14.)

A court may "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate the following: 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

The Plaintiff asserts that the Defendant's unlicensed use of the Photograph has caused irreparable injury because it impairs the market value of the work by potentially

dissuading competing businesses from using the Photograph to market their business, and it may encourage others to use the Photograph without obtaining a license to do so. (Doc. 15 at 13.) The undersigned has recommended an award of damages that would sufficiently remedy the historic injury caused by Defendant's infringement, but those damages would not necessarily preclude further monetary and non-monetary injury if Defendant were to continue to use the Photograph without Plaintiff's permission. Therefore, the undersigned finds that Plaintiff will continue to be harmed if Defendant is not enjoined from further use of the Photograph; there appear to be no other remedies at law that would adequately compensate Plaintiff while also ensuring that Defendant ceases its infringement; and that Plaintiff would endure greater hardship than Defendant if Defendant's use of the Photograph were not enjoined. Finally, the public interest would not be adversely affected if Defendant were to be enjoined from using the Photograph. For these reasons, the undersigned finds that Plaintiff is entitled to a permanent injunction against Defendant, but as discussed below, the proposed injunction is overbroad.

Plaintiff proposes to enjoin the Defendant from directly or indirectly infringing any of the Plaintiff's copyrights. (Doc. 15 at 13.) It is axiomatic that "[i]njunctive relief should be limited in scope to the extent necessary to protect the interests of the parties." *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003). The proposed injunction is overbroad because it includes all of Plaintiff's copyrighted works, which includes 137 photographs. (Doc. 1-1.) However, Plaintiff has provided sufficient evidence to demonstrate only that Defendant impermissibly used the one Photograph

at issue in this lawsuit. Plaintiff has not cited any authority for an injunction that goes beyond the specific photograph at issue in this case. Accordingly, the undersigned finds that the injunction should be limited to the Photograph. *See McKennon v. NewsCastic, Inc.*, No. 6:18-cv-323-Orl-41DCI, 2018 WL 5847424, at *7 (recommending a narrower permanent injunction limited to enjoining defendant from infringing the specific photograph at issue in the case, even though plaintiff requested a nearly identical, broader injunction enjoining infringement of all of plaintiff's copyrights without limitation).

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Plaintiff's Motion for Default Judgment (Doc. 15) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. **GRANT** the Motion to the extent that default judgment be entered in Plaintiff's favor against Defendant.

2. **AWARD** Plaintiff a total of $12,000 in actual damages against Defendant.

3. **ENJOIN** Defendant its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with it, from:

   a. Directly or indirectly infringing the Plaintiff's copyright in the Photograph titled "4.19.2009.Any idea what this is - 3457639082-m-1" with registration number VA0002202134;

b. Continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from the Photograph titled "4.19.2009.Any idea what this is - 3457639082-m-1" with registration number VA0002202134, or to participate or assist in any such activity; and

c. Directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Photograph titled "4.19.2009.Any idea what this is - 3457639082-m-1" with registration number VA0002202134.

4. **DENY** the Motion in all other respects.

5. **DIRECT** the Plaintiff to serve Defendant with a copy of the Court's Order on this Report and Recommendation at its last known address.

6. **DIRECT** the Clerk of Court to close the case.

<u>**NOTICE TO PARTIES**</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 1, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE